UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-21736-CIV-ALTONAGA/Otazo-Reyes

**CHARLES MICAUD**,

    Plaintiff,
v.

**ACTING COMMISSIONER
OF SOCIAL SECURITY**,

    Defendant.
_____/

**ORDER**

On May 9, 2023, Plaintiff, Charles Micaud, filed a Complaint [ECF No. 1] seeking review of Defendant, Kilolo Kijakazi, Acting Commissioner of the Social Security Administration's decision denying him disability benefits. (*See generally id.*). The case was referred to Magistrate Judge Alicia M. Otazo-Reyes for a report and recommendation on dispositive matters. (*See* May 22, 2023 Order [ECF No. 9]). Thereafter, the parties filed Motions for Summary Judgment. (*See generally* Pl.'s Mot. [ECF No. 12]; Def.'s Mot. [ECF No. 14]). On October 20, 2023, Magistrate Judge Otazo-Reyes entered her Report and Recommendation [ECF No. 15], recommending the Court deny Plaintiff's Motion, grant Defendant's Motion, and affirm Defendant's decision. (*See id.* 1–2). Plaintiff subsequently filed Objections to the Report [ECF No. 16], to which Defendant responded [ECF No. 18].

When a magistrate judge's findings or recommendations have been properly objected to, district courts must review the objected-to findings or recommendations *de novo*. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(3). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d

1536, 1548 (11th Cir. 1988) (citation omitted). An objection is thus entitled to *de novo* review only if it articulates a legal basis for the objection; merely reasserting a motion "without any reference to the magistrate judge's order or its findings [is] insufficient to convey to the district court the substance of any objection[.]" *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (alterations added). In the absence of timely, specific objections, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note to 1983 addition (citation omitted).

In her thorough and comprehensive analysis, the Magistrate Judge considered the two issues raised by Plaintiff in his effort to reverse the decision of the Administrative Law Judge ("ALJ") Kurt Ehrman: (1) whether the ALJ "properly characterize[d] [Plaintiff's] past relevant work" (Report 22 (alterations added)); and (2) whether "the ALJ's determination that [Plaintiff] could perform his past relevant work was . . . supported by substantial evidence" (*id.* 24 (alterations added)). The Magistrate Judge explained why she did not find any of Plaintiff's arguments persuasive in a 27-page Report. (*See generally id.*).

Plaintiff raises two objections, but concedes he is "reassert[ing] and incorporat[ing] herein his arguments as set forth in his motion for summary judgment[.]" (Objs. 1 (alterations added)). Indeed, the Objections are largely rehashed versions of the arguments Plaintiff presented to the Magistrate Judge; significant portions are verbatim or close to verbatim recreations of his summary judgment Motion. (*Compare* Pl.'s Mot. 4–16, *with* Objs. 3–17). In other words, they are simply a request for the Court to conduct the same analysis the ALJ and Magistrate Judge already undertook and reach a different outcome. (*See generally* Report). This is beyond the scope of the Court's review; the question is whether substantial evidence supports the ALJ's decision, not whether the evidence, if considered differently, could support a different conclusion. *See*

*Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (explaining the court "may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Secretary" when reviewing Social Security Act claims).

In the end, Plaintiff makes only two new arguments. The first is that the Magistrate Judge erred in concluding his challenge to the ALJ's job classification was waived. (*See* Objs. 1–3; Report 22–24). As a result, he argues, the Magistrate Judge also "failed to address the substance of [Plaintiff's] . . . argument[.]" (Objs. 3 (alterations added)). But courts frequently affirm job classifications (and other factual findings) by ALJs where plaintiffs failed to object or provide contrary evidence. *See Crooms v. Kijakazi*, No. 21-cv-36, 2023 WL 6377299, at *7 (M.D. Ala. Sept. 29, 2023) (collecting cases). In this case, Plaintiff's counsel had "the opportunity to object to [the vocational expert's] classification" and "responded that he had 'no objections to that classification.'" (Report 23 (alteration added; citation omitted)).

Admittedly, it is confusing to call this failure to object a "waiver," as courts often do. *See, e.g.*, *Crooms*, 2023 WL 6377299, at *7 (finding that plaintiff "essentially waived" her challenge to a job classification). As Plaintiff notes, "there is no issue exhaustion requirement governing Social Security disability proceedings." (Objs. 2); *see also Sims v. Apfel*, 530 U.S. 103, 112 (2000) (finding that an issue-exhaustion requirement "makes little sense" in the context of Social Security Act proceedings (quotation marks and citation omitted)); *Loudermilk v. Barnhart*, 290 F.3d 1265, 1268 n.1 (11th Cir. 2002) ("[A] Social Security claimant's failure to raise an issue at the administrative level does not deprive a court of jurisdiction to consider the issue when it is raised for the first time during judicial proceedings." (alteration added; citation omitted)). Plaintiff is thus still permitted to challenge the ALJ's job classification.

Plaintiff is not entitled, however, to *de novo* consideration of whether he held a "composite

job." (Objs. 3). Judicial review of an ALJ's job classification is limited to whether the classification is supported by "substantial evidence." *Simpson v. Comm'r of Soc. Sec.*, 423 F. App'x 882, 884–85 (11th Cir. 2011). Here, as the Magistrate Judge states, there was substantial evidence for the ALJ's classification. (*See* Report 24). When, as occurred here, a vocational expert testifies without objection to a job classification, that testimony can be substantial evidence supporting the ALJ's adoption of that classification. (*See* Report 23); *see also Curcio v. Comm'r of Soc. Sec.*, 386 F. App'x 924, 926 (11th Cir. 2010). And without an objection or contrary evidence from plaintiffs, ALJs do not have an obligation — as Plaintiff argues now — to independently investigate the possibility of alternative job classifications. (*See* Objs. 8); *see also Webster v. Comm'r of Soc. Sec.*, 773 F. App'x 553, 555–56 (11th Cir. 2019).

Thus, in this case, the Magistrate Judge properly concluded that "[t]he vocational expert's testimony provide[d] substantial evidence to support ALJ Ehrman's determination . . . and Plaintiff failed to show otherwise." (Report 24 (alterations added; citation omitted)). Similarly, she did not err in concluding that Plaintiff's subsequent arguments were not grounds for reversal. (*See id.*). And to the extent Plaintiff challenges the classification itself by restating his arguments on summary judgment, this is an improper attempt to get a "second bite at the apple[.]" *Espaillat v. Saul*, No. 19-cv-61703, 2020 WL 5087030, at *2 (S.D. Fla. Aug. 28, 2020) (alteration added; quotation marks and citation omitted)).

Plaintiff's other new argument is that the ALJ "skipped over" a step in his analysis by evaluating the severity of Plaintiff's impairments without first rating the functional limitations resulting from those impairments. (Objs. 11). Plaintiff accuses the Magistrate Judge of failing to "explain" or "acknowledge" this purported error. (*Id.*). But the Magistrate Judge addressed and resolved this issue, explaining that a finding of non-severe or mild impairment is itself reflective

of mild to non-existent functional limitations. (*See* Report 25–26 (citing *Bradley v. Hecker*, 724 F.2d 914, 920 (11th Cir. 1984); *Sprague v. Colvin*, No. 13-cv-576, 2014 WL 2579629, at *6 (M.D. Fla. June 9, 2014)). Plaintiff's attempts to challenge the sufficiency of the findings themselves by restating his summary judgment arguments are not proper objections. *See Schultz*, 565 F.3d at 1361.

Having reviewed the Report, the record, and the applicable law *de novo*, the undersigned agrees with the analysis and recommendations stated in the Report and agrees with the Magistrate Judge's conclusions. Accordingly, it is

**ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation **[ECF No. 15]** is **ADOPTED**.

2. Plaintiff's Motion for Summary Judgment **[ECF No. 12]** is **DENIED**.

3. Defendant's Motion for Summary Judgment **[ECF No. 14]** is **GRANTED**. Final judgment shall issue by separate order.

4. The Clerk is directed to **CLOSE** this case. All other pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Miami, Florida, this 21st day of November, 2023.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record